O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| PLANET COFFEE ROASTERS, INC., ) | Case No. SACV 09-00571-MLG |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| ) | GRANTING IN PART AND DENYING IN |
| v. ) | PART DEFENDANTS' MOTION TO |
| ) | DISMISS |
| HUNG DAM, dba PLANET COFFEE, et ) | |
| al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## I.   Factual and Procedural Background

On May 26, 2009, Plaintiff Planet Coffee Roasters, Inc., filed a first amended complaint ("FAC") against Defendant Hung Dam alleging (1) false designation of origin (15 U.S.C. § 1125(a)); (2) trademark dilution (15 U.S.C. § 1125(c)); (3) federal unfair competition (15 U.S.C. § 1125(a); (4) common law unfair competition; and (5) California unfair competition (Cal. Bus. & Prof. Code § 17200).

In the first amended complaint, Plaintiff alleges that since 1993, it has been operating a well-known and successful business offering services related to coffee, including roasting, supplies and equipment. The first amended complaint accuses Defendant of unlawfully

using Plaintiff's mark "Planet Coffee" as the name of his coffee house, located in Garden Grove, California. Plaintiff does not hold a federally registered trademark on either "Planet Coffee" or "Planet Coffee Roasters."

On July 9, 2009, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). On July 28, 2009, Plaintiff filed an opposition to the motion to dismiss. On August 4, 2009, Defendant filed a reply to Plaintiff's opposition. On August 11, 2009, the Court heard oral argument on the motion. The matter is now ready for decision.

**II.   <u>Standard of Review</u>**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief may be granted." To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557.

The Court in *Twombly* explained that a complaint is read in

2

conjunction with Federal Rule of Civil Procedure 8(a)(2) which requires a "showing" that the plaintiff is entitled to relief, "rather than a blanket assertion" of entitlement to relief. *Id.* at 556, n.3. While Rule 8 does not require "detailed factual allegations," it nevertheless "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

In considering Defendants' motion to dismiss, the Court must accept all factual allegations of the complaint as true and construe those facts, as well as the inferences from those facts, in the light most favorable to Plaintiff. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S.Ct. at 1250.

**III. <u>Discussion and Analysis</u>**

    **A.   Plaintiff Has Stated a Claim Against Defendant for False Designation of Origin (15 U.S.C. § 1125(a))**

Plaintiff claims that Defendant has used Planet Coffee's distinctive mark or confusingly similar marks in commerce in connection with its own goods, which use is likely to cause confusion or to deceive as to the origin of such goods. (FAC ¶ 16.) Defendant claims that Plaintiff's false designation of origin claim should be

3

dismissed because Defendant, as the first user of the mark "Planet Coffee" in Garden Grove, California, has a prior use defense. (Def.'s Mot. to Dismiss at 6.)

A federal claim under section 43(a) of the Lanham Act for infringement of an unregistered mark is triggered by a use which "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association" of the user with the senior user. 15 U.S.C. § 1125(a). To prove a false designation of origin claim, a plaintiff must show that defendant (1) uses a false designation of origin; (2) in interstate commerce; (3) and in connection with goods or services; (4) when the designation is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of defendant's goods, services, or commercial activities by another person; and (5) plaintiff has been or is likely to be damaged by these acts. *McCarthy on Trademarks and Unfair Competition*, § 27:13 (Fourth Ed.)

Section 43(a) is the only provision in the Lanham Act that protects an unregistered mark. *See Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1047 n.7 (9th Cir. 1998) ("Registration is not a prerequisite for protection under § 43(a)."). "Its purpose is to prevent consumer confusion regarding a product's source, ... and to enable those that fashion a product to differentiate it from others on the market." *Centaur Communications, Ltd. v. A/S/M Communications, Inc.*, 830 F.2d 1217, 1220 (2d Cir. 1987).

Prior use is a complete defense to a claim of false designation of origin. *See T Shirts Plus v. T-Shirts Plus, Inc.*, 222 U.S.P.Q. 117, 120 (C.D.Cal. 1983). In order to successfully establish a prior use

4

defense, Defendant must demonstrate that (1) its use of the mark began before it had actual or constructive notice of another's prior use of the mark and (2) there has been continuing use since that time. *Casual Corner Associates, Inc. v. Casual Corner Stores of Nevada, Inc.*, 493 F.2d 709, 712 (9th Cir. 1974); *T Shirts Plus*, 222 U.S.P.Q. at 120. Defendant claims that it has a prior use defense to Plaintiff's false designation of origin claim because (1) it began using the mark "Planet Coffee" in August 2008 before it had any actual or constructive knowledge of Plaintiff's use of the mark and (2) it has been continuously using the mark since August 2008.

Applying the standard governing motions to dismiss and accepting all factual allegations pleaded in the complaint as true, the Court finds that Plaintiff has sufficiently pleaded a claim for false designation of origin. It is inappropriate at the pleading stage of the litigation to determine factual issues, such as whether Defendant can assert a prior use defense. Plaintiff does not need to provide evidence, at this stage, to defeat Defendant's prior use defense. Therefore, Defendant's motion to dismiss Plaintiff's claim for false designation of origin is **DENIED**.

**B.    Plaintiff Has Failed to State a Claim Against Defendant for Trademark Dilution (15 U.S.C. § 1125(c))**

Plaintiff claims that its "Planet Coffee" mark is distinctive, well known and famous. (FAC ¶ 23.) Plaintiff contends that Defendant is "diluting the distinctiveness of Planet Coffee's marks by marketing and selling inferior goods bearing marks virtually identical or confusingly similar to Planet Coffee's trademarks." (FAC ¶ 24.) Plaintiff further contends that Defendant "has engaged in the conduct alleged in these claims, willfully intending to trade on Planet

Coffee's reputation and/or to cause dilution of the famous and distinctive marks" owned by Planet Coffee. (*Id.*) Defendant argues that Plaintiff's trademark dilution claim must be dismissed because Plaintiff has failed to allege any supporting facts to show that its mark has achieved the requisite degree of "national fame" necessary to support a trademark dilution claim. (Def.'s Mot. to Dismiss at 5.)

To prove a dilution claim, a plaintiff must demonstrate that the mark used by the alleged diluter is identical, or nearly identical, to the protected mark. *Thane Intern., Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 905 (9th Cir. 2002). Additionally, the plaintiff must prove that "(1) its mark is famous; (2) the defendant is making commercial use of the mark in commerce; (3) the defendant's use began after the plaintiff's mark became famous; and (4) the defendant's use presents a likelihood of dilution of the distinctive value of the mark." *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 874 (9th Cir. 1999). Moreover, the Trademark Dilution Revision Act of 2006 ("TDRA"), Pub.L. 109-312, 120 Stat. 1730, revised the Federal Trademark Dilution Act to deny protection to marks that are famous only in "niche" markets. *Century 21 Real Estate LLC v. Century Ins. Group*, 2007 WL 484555, *14 (D. Ariz. 2007) (citing House Report on Trademark Dilution act of 2005 at 8, 25).

Dilution is a cause of action "reserved for a select class of marks – those marks with such powerful consumer associations that even non-competing uses can impinge on their value." *Avery*, 89 F.3d at 875. For this reason, dilution protection extends only to those whose mark is a "household name." *Thane*, 305 F.3d at 911.

Applying the standard governing motions to dismiss, the Court finds that Plaintiff has not pled sufficient facts to state a claim

for trademark dilution that is "facially plausible." *Iqbal*, 2009 WL 1361536, at *14.  Plaintiff has not alleged facts sufficient to show that its mark is nationally famous nor that Defendant's use of the mark "Planet Coffee" presents a likelihood of dilution of the distinctive value of Plaintiff's famous mark. Accordingly, Plaintiff's claim for trademark dilution is **DISMISSED WITH LEAVE TO AMEND.**

> **C.  Plaintiff Has Failed to Plead Fraud with the Specificity Required by Fed.R.Civ.P. 9(b)**

Defendant contends that Plaintiff's federal, common law and California unfair competition claims are rooted in fraud, and therefore Plaintiff must plead fraud with greater specificity under Fed.R.Civ.P. 9(b). (Def.'s Mot. to Dismiss at 8.)

Rule 9(b) requires that, when fraud is alleged, "a party must state with particularity the circumstances constituting fraud ...." Rule 9(b) requires that the circumstances constituting the alleged fraud "be 'specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.'" *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993)). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003). A party alleging fraud must "set forth *more* than the neutral facts necessary to identify the transaction." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (emphasis in original), *superceded by statute on other grounds*.

Even where fraud is not an essential element of a claim, a "plaintiff may allege a unified course of fraudulent conduct and rely

7

entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Vess*, 317 F.3d at 1103-1104. However, "in a case where fraud is not an essential element of a claim, only allegations of fraudulent conduct must satisfy the heightened pleading requirements of Rule 9(b). Allegations of non-fraudulent conduct need satisfy only the ordinary notice pleading standards of Rule 8(a)." *Id*. at 1105.

While fraud is not a necessary element of a claim under California's unfair competition law (Cal. Bus. & Prof. Code § 17200), a plaintiff may nonetheless allege that the defendant engaged in fraudulent conduct. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. June 8, 2009) (used car purchaser failed to allege particular circumstances surrounding seller's purported misrepresentations and fraud regarding "certified pre-owned" vehicles, and thus failed to state claim for violation of California's unfair competition law under heightened pleading requirements for fraud claims). Where a plaintiff has alleged fraudulent conduct, those allegations must satisfy the heightened pleading requirements of Rule 9(b). *Id*.

Plaintiff has made allegations of fraudulent conduct which require more particularized pleading under Rule 9(b). In its federal unfair competition claim (15 U.S.C. § 1125(a)), Plaintiff alleges that Defendant engaged in "unlawful, unfair and fraudulent business practices" which "present a continuing threat to members of the public in that they are likely to be deceived as to the origin and quality of Planet Coffee's products." (FAC ¶ 32.) Plaintiff further alleges that Defendant has "engaged in the conduct alleged in these claims

8

knowingly and willfully." (FAC ¶ 30.) In its common law unfair competition claim, Plaintiff alleges that Defendant actions were "undertaken willfully and with the intention of causing confusion, mistake and deception." (FAC ¶ 40.) In its unfair competition claim under Cal. Bus. & Prof. Code § 17200, Plaintiff alleges that Defendant's "use of the infringing marks ... constitutes deceptive and misleading advertising...." (FAC ¶ 46.)

To the extent that Plaintiff alleges fraudulent conduct in its unfair competition causes of action, Plaintiff must either allege particular facts sufficient to satisfy the requirements of Fed.R.Civ.P. 9(b) or alternatively, eliminate the allegations of fraud in those causes of action. If Plaintiff chooses to eliminate the fraud allegations, but later determines during discovery that there are sufficient facts to support a fraud allegation, it may file a motion with the Court to amend the complaint. Accordingly, Plaintiff's unfair competition claims are **DISMISSED WITH LEAVE TO AMEND.**

**IV.   <u>ORDER</u>**

Defendant's motion to dismiss Plaintiff's claim for false designation of origin is **DENIED.** Defendant's motion to dismiss the claim for trademark dilution is **GRANTED WITH LEAVE TO AMEND.** Defendant's motion to dismiss Plaintiff's claims for federal unfair competition, common law unfair competition, and California Unfair Competition is **GRANTED WITH LEAVE TO AMEND.**

//
//
//
//

Plaintiff shall have twenty-one days (21) days from the date of this order to file a second amended complaint correcting or eliminating the deficiencies described in this order.

Dated: August 12, 2009

_____
Marc L. Goldman
United States Magistrate Judge

10